UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUTHER LEE WILLIAMS,<br><br>   Petitioner,<br><br>v.<br><br>MCI-SHIRLEY MEDIUM SUPERINTENDENT,<br><br>   Respondent. | No. 22-CV-10648-AK |

**MEMORANDUM AND ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITION FOR A WRIT OF HABEAS CORPUS**

**ANGEL KELLEY, D.J.**

Petitioner Luther Lee Williams, a state prisoner, petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2018 convictions for armed assault with intent to commit robbery, assault and battery by means of a firearm, and related weapons offenses. [Dkt. 1], (the "Petition"). The Petition was referred to Chief Magistrate Judge Donald L. Cabell ("CMJ Cabell") for a report and recommendation on May 16, 2024. [Dkt. 26]. CMJ Cabell issued the Report and Recommendation on September 15, 2025 (the "R&R"), concluding the Petition should be denied. [Dkt. 27]. Williams filed timely objections. [Dkt. 29]. For the reasons set forth below and upon careful consideration of the portions of the R&R to which Williams objects, the Court **ADOPTS** the R&R in full, **OVERRULES** Williams' objections, and **DENIES** the Petition [Dkt. 1].

**I.     BACKGROUND**

The Massachusetts Appeals Court ("MAC") summarized the evidence the jury could reasonably find. On the evening of November 24, 2016, Springfield police responded to gunfire

1

near 30 Windsor Street and found victim Randall Somerville with multiple gunshot wounds to his left leg. Somerville identified the shooter by the nickname "Snipes," a person he had seen at Ronald Miller's house on prior occasions. Earlier that evening, Somerville had exchanged text messages with Miller arranging a meeting in which "Snipes" would appear. Somerville arrived at Miller's residence, encountered the person he later identified as "Snipes," and, after a brief interaction, the person produced a firearm, ordered Somerville to "run [his] pockets," and fired, wounding Somerville. Investigators recovered shell casings and two cell phones at the scene. Somerville later identified the defendant from a photographic array and at trial. Commonwealth v. Williams, 99 Mass. App. Ct. 1128 (2021). The firearm itself was not recovered, but post-conviction counsel later obtained ballistics reports linking casings recovered in two later shootings to the casings from the November 24 incident.

A Hampden County grand jury indicted Williams on January 25, 2017. After a 2018 jury trial, Williams was convicted on all counts and sentenced to nine to twelve years. [Dkt. 1 at 2]. The trial court denied Williams' motion for a new trial. The MAC affirmed, Commonwealth v. Williams, 99 Mass. App. Ct. 1128 (2021), and the Supreme Judicial Court ("SJC") denied further appellate review, Commonwealth v. Williams, 488 Mass. 1106, 175 N.E.3d 890 (2021).

Williams filed his § 2254 petition on April 29, 2022, asserting the MAC's decision to uphold the verdict was contrary to established federal precedent because: (1) the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding firearms identification reports; (2) the state courts made unreasonable factual determinations under 28 U.S.C. § 2254(d)(2); and (3) the state courts' ineffective assistance analysis was contrary to Supreme Court precedent. [Dkt. 1]. CMJ Cabell now recommends denying the Petition, concluding that Williams' ineffective assistance claim was unexhausted, and found the undisclosed ballistics reports

non-material under Brady.  [Dkt. 27].  Williams objects to the R&R on multiple grounds by raising factual challenges to the MAC's recitation, renewing his Brady and Strickland v. Washington arguments, and offering scientific literature on the unreliability of eyewitness identification.

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Disposition

When a magistrate judge issues a report and recommendation on a dispositive matter and a party timely objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Absent timely, specific objections, a district court may assume the parties accept the magistrate judge's recommendation.  Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).  A party's written objections must be specific, concise, and supported by legal argument and citations to the record; broad, unsupported objections will not suffice and may foreclose de novo review.  Crooker v. Van Higgins, 682 F. Supp. 1274, 1282 (D. Mass. 1988).

Failure to raise objections to the R&R waives the right to district court review and precludes appellate review of those claims.  Davet v. Maccarone, 973 F.2d 22, 31 (1st Cir. 1992); see Crooker, 682 F. Supp. at 1281 ("[D]istrict court judges on a de novo review of a magistrate's report and recommendation may entirely ignore arguments not presented to the magistrate.").  Parties must present their full case to the magistrate, "not only their best shot but all of their shots."  Stauffer v. Internal Revenue Serv., 285 F. Supp. 3d 474, 478 (D. Mass. 2017) (quoting Borden v. Sec'y of Health & Hum. Servs., 836 F.2d 4, 6 (1st Cir. 1987)).  After conducting its review, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1)(C).

### B. Standard of Review on Habeas Petition

Federal habeas relief is narrow and does not serve as a vehicle to relitigate state court factual findings or to correct every error of state law.  See Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989).  Relief under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is available only if the state court's adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding.  28 U.S.C. § 2254(d).  State court factual findings are presumed correct and may be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002); McNair v. Divris, 775 F. Supp. 3d 589, 595 (D. Mass. 2025).  Even constitutional error will not require habeas relief unless it had a "substantial and injurious effect or influence in determining the jury's verdict."  See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).

### III. OBJECTIONS TO FACTUAL FINDINGS[1]

Williams lodges numerous objections to the MAC's and R&R's factual recitations: (1) the alleged misnaming of Ronald Miller as "Robert Miller"; (2) disputed characterizations of the victim's interaction with the shooter (e.g., whether the parties "exchanged small talk," "stood close to each other . . . for about a minute," and if it was dark and the interaction brief); (3) the source of the text indicating "Snipes" would be present; and (4) the materiality of omitted details such as lack of direct text contact between Williams and Somerville and the scarcity of references to Williams in Somerville's phone. [Dkt. 29].  Each objection is considered and rejected.

---

[1] The Court assumes familiarity with the relevant procedural and factual background of this case, as it is detailed in the R&R. [Dkt. 27].

The MAC's narrative factual findings are presumptively correct under 28 U.S.C. § 2254(e)(1) and the petitioner bears the heavy burden of rebutting that presumption by clear and convincing evidence. Rashad, 300 F.3d at 35. The habeas court does not retry credibility or reassess weight absent that showing.

First, the reported difference in the name used by the MAC is a clerical discrepancy that does not undermine the substance of the appellate court's factual findings regarding Miller's role in arranging the meeting and the relevant text messages. The objection is **OVERRULED**.

Next, as to the nature, duration, and proximity of the encounter, Williams argues the record supports only a fleeting interaction and that the MAC and the magistrate judge overstated Somerville's opportunity to observe. The record, however, contains Somerville's contemporaneous account, his description of recognizing the shooter (including distinctive clothing and shoes), corroborating text messages placing "Snipes" at Miller's residence that night, and the recovery of phones at the scene. These are facts the MAC relied upon in assessing identification reliability. Even accepting Williams' more constrained reading of the transcript snippets, he has not presented clear and convincing evidence showing the MAC's inferences were unreasonable. The objection is **OVERRULED**.

Williams also objects to the source of the "Snipes" text. The record shows Miller sent the text message to Somerville. The R&R's phrasing that a text "made it clear that the petitioner would be there" could have been more precise, but the operative fact (that Somerville was primed by a message that "Snipes" would be present) is undisputed and was credited by the state courts. Any imprecision in wording is immaterial to the legal analysis. The objection is **OVERRULED**.

Lastly, as to the absence of Williams' name in Somerville's text messages and lack of

direct contact, Williams stresses the lack of references to him in Somerville's text messages and the absence of direct communication as undermining the identification. Those matters are relevant and were part of the record. The MAC, however, reasonably balanced those facts against Somerville's immediate and consistent in-person identification, corroborating circumstantial evidence (phone recoveries, text messages), and the jurors' opportunity to assess credibility. Williams' Williams' preferred weighing of that evidence does not satisfy the AEDPA's clear and convincing threshold to overturn the MAC's factual conclusions. The objection is **OVERRULED**.

For the foregoing reasons, the Court finds Williams has not rebutted the presumption of correctness attached to the MAC's factual findings, and his factual objections do not supply a basis for relief under § 2254(d)-(e). All factual objections are **OVERRULED**.

## IV.    OBJECTIONS TO LEGAL CONCLUSIONS

Williams advances three principal legal challenges : (1) that his ineffective assistance claim was exhausted and should be adjudicated on the merits; (2) that the nondisclosure of ballistic reports was a Brady violation and was prejudicial; and (3) that the state courts made unreasonable factual determinations about eyewitness identification science that infected their Brady and Strickland analyses. Each assertion fails for the reasons that follow.

### A. Exhaustion of the Ineffective Assistance Claim

For an ineffective assistance of counsel claim, Strickland requires a showing of: (1) deficient performance by counsel; and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687 (1984). When a Strickland claim has been adjudicated by a state court, federal habeas review is doubly deferential: the federal court asks whether the state court's application of Strickland was objectively unreasonable. Harrington v. Richter, 562 U.S. 86, 105 (2011).

A federal habeas petitioner must exhaust available state remedies by "fairly present[ing]" federal claims to each appropriate state court, including discretionary review courts, so the state has a full opportunity to address alleged federal errors. Baldwin v. Reese, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b). A mixed petition (exhausted and unexhausted claims) ordinarily requires dismissal unless the petitioner elects to withdraw unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982); DeLong v. Dickhaut, 715 F.3d 382, 386-87 (1st Cir. 2013).

Williams contends the Application for Leave to Obtain Further Appellate Review ("ALOFAR") to the SJC implicitly presented the ineffective assistance claim. But exhaustion requires fair presentation of the federal claim to each appropriate state court. Baldwin, 541 U.S. at 29; Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). The ALOFAR petition here explicitly identified two issues, Brady standards and the judge's consideration of eyewitness-expert material, but did not present an ineffective assistance claim to the SJC. [Dkt. 18-5 at 450]. Passing references or an appended MAC opinion do not substitute for an explicit, substantive presentation of a Strickland claim to the SJC. See Baldwin, 541 U.S. at 32. The R&R therefore correctly concluded the ineffective assistance of counsel claim was unexhausted. This objection is **OVERRULED**.

### B. Brady Materiality and Prejudice

Under Brady, the prosecution must disclose evidence favorable to the accused where that evidence is material either because it is exculpatory or impeaching. 373 U.S. at 87-88. Materiality requires a showing of a "reasonable probability" that, had the evidence been disclosed, the result of the proceeding would have been different. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Said differently, materiality is met if there is a reasonable probability that the suppression undermines confidence in the outcome. Id. On federal habeas review, the court

7

defers to a state court's Brady materiality determination unless the decision was an unreasonable application of federal law. 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 101-03.

Here, the prosecution conceded the nondisclosure of ballistics reports that showed casings matching those from the November 24 scene were recovered in two subsequent shootings while Williams was incarcerated. Those reports could have supported defense impeachment and an alternate culprit theory (e.g., that the gun remained in others hands). The MAC and the R&R nonetheless concluded, after weighing Somerville's immediate and consistent in-person identification, the corroborating circumstantial evidence (text messages and recovered phones), and the defense's impeachment during trial, that the belated reports, while adding some impeachment value, did not create a reasonable probability of a different verdict. Williams, 99 Mass. App. Ct. at 1128; [Dkt. 27]. Under AEDPA, the question is not whether a federal court might have reached a different conclusion on de novo review but whether the state court's materiality determination was unreasonable. 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 101-03. The MAC articulated a reasoned analysis explaining why the later ballistics evidence "would not have lessened the jury's confidence" in light of the strong identification evidence and corroboration. Williams, 99 Mass. App. Ct. at 1128.

Given the record and the jury's role in resolving credibility, that determination was not an unreasonable application of Brady. Williams' objections based on imagined uses of the reports or alternative trial strategies do not meet Brady's reasonable probability standard. The Brady objection is **OVERRULED**.

### C. Claims That the State Courts Made Unreasonable Factual Determinations About Eyewitness Identification Science

Challenges framed as errors in applying state law (e.g., whether a trial court abused discretion in denying a Rule 30(b) motion for new trial) are generally not cognizable on federal

8

habeas review.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Even where the claim is cast as a § 2254(d)(2) challenge to state court factfinding, the petitioner must show that the state court's determinations were objectively unreasonable and contradicted by clear and convincing evidence.  28 U.S.C. § 2254(d), (e)(1); Rashad, 300 F.3d at 35.

Here, Williams argues the trial court improperly parsed the minute-long encounter into pre-weapon and post-weapon observations and overvalued the relationship between he and the victim.  These are errors allegedly in conflict with the scientific literature Williams proffers.  The affidavit from Garrett L. Berman, Ph.D., a purported expert in eyewitness identification ("Berman affidavit"), addressed generalized factors that may produce good faith misidentifications.  The trial court, and the MAC, compared those generalized points to the record's particular facts (proximate interaction, immediate post-shooting identification, corroborating text and phone evidence) and concluded the affidavit did not foreclose the judge's determination that identification reliability was sufficiently supported.  Williams, 99 Mass. App. Ct. at 1128.  The state courts made a fact bound judgment about the affidavit's probative weight in the specific circumstances of this case.  Williams' cited psychological studies addressing general effects of stress on memory are relevant to expert testimony, but do not establish that the state courts' comparative, record-based judgment was objectively unreasonable.  AEDPA requires deference to reasonable state court factual and legal judgments.  Absent clear and convincing contradictory evidence that the MAC's interpretation is implausible, federal habeas relief is not warranted.  See Wiggins v. Smith, 539 U.S. 510, 528 (2003) (state factual findings may render a decision unreasonable if unsupported by record).  But cf. Ouber v. Guarino, 293 F.3d 19, 31 (1st Cir. 2002) (relief where state characterization is not borne out by any plausible reading).  Williams has not met that threshold here.  This objection is **OVERRULED**.

9

### D. Ineffective Assistance Claims Adjudicated by the State Courts

To the extent Williams presses exhausted aspects of his Strickland claim, the state courts considered whether presentation of the Berman affidavit would have produced a reasonable probability of a different result and found it would not. Under the doubly deferential standard applicable on habeas, Williams must show that the state court's Strickland application was unreasonable. Harrington, 562 U.S. at 105. Given the Berman affidavit's general nature and the corroborating record evidence supporting Somerville's identification, Williams fails to satisfy that demanding standard. Any remaining Strickland objections are **OVERRULED**.

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court **ADOPTS** Chief Magistrate Judge Cabell's Report and Recommendation [Dkt. 27] and concludes that Williams is not entitled to relief under 28 U.S.C. § 2254. Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation [Dkt. 27] is **ADOPTED** in full.
2. Williams' objections to the Report and Recommendation [Dkt. 29] are **OVERRULED**.
3. The Clerk shall enter judgment for respondent and close this case.

**SO ORDERED.**

Dated: October 3, 2025

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge